MABEL THOMPSON v. THE STATE.

No. 698.    Decided October 12, 1910.

Rehearing Denied February 22, 1911.

**1.—Keeping Disorderly House—Bills of Exception—Practice on Appeal—Evidence.**

Where, upon appeal from a conviction of keeping a disorderly house, the bill of exceptions, tested by its recitals, or read in the light of the entire record, was insufficient in that the time of the matter sought to be shown did not appear to be of such date as to render the testimony admissible, there was no reversible error.

**2.—Same—Evidence—Conclusion of Witness.**

Upon trial of keeping a disorderly house there was no error in not permitting defendant to testify that she had not aided or abetted or encouraged anyone in carrying on a disorderly house or bawdy house upon her premises, this was simply a conclusion, she already having denied that she kept such a house.

**3.—Same—Evidence—Other Transactions.**

Upon trial of keeping a disorderly house there was no error in sustaining an objection to the question as to how long it would take another disorderly house which had been abandoned as such to get over that reputation, as this was simply a conclusion of the witness, and did not affect the character of the house which was involved in the trial.

**4.—Same—Affidavit—Information—Date of Offense.**

Where, upon appeal from a conviction of keeping a disorderly house, it appeared from the record that the contention that the complaint and information were filed after the alleged date of the offence, was not in fact true, there was no eror.

Appeal from the County Court of Tarrant.    Tried below before the Hon. Jno. L. Terrell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Warren W. Moore,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 26th day of February, this year, ap-

pellant was found guilty in the County Court of Tarrant County of keeping a disorderly house and her punishment assessed at a fine of $200 and twenty days confinement in the county jail.

There is evidence in the record amply sustaining the judgment. There is no complaint made of the charge of the court.

1. The first seven bills of exception are substantially to the same effect. Appellant introduced a number of witnesses, and as appears from the bill, proposed to prove by such witnesses the following facts: "That witness had been to house of defendant frequently during this time, and had been in said house frequently during this time and had watched the house and had seen no man come in and go out, and no woman come in and go out, and nothing improper about the place from the time this order was passed." That it would be competent to show by any witness cognizant of the facts that men and women had not frequented the house in question for immoral purposes, at or about the time made by the State's evidence, there would seem to be no doubt. The trouble with the bill of exceptions is that it does not specify any time covered by the State's evidence, nor any time within the period of limitation. It seems to refer to a time when some order was passed. When this order was passed is not shown by the bill, nor is it otherwise shown in the record. It is well settled that a bill of exceptions can not be aided either by a statement in reply to a motion for new trial or by the statement of facts. Douglas v. State, 58 Texas Crim. Rep., 122, 124 S. W. Rep., 933. As presented, the bill of exceptions, tested by its recitals, or read in the light of the entire record, is insufficient in that the time of the matter sought to be shown does not appear to be of such date as to render the testimony admissible.

2. On the trial it was proposed to be shown by appellant that she had not aided or abetted or encouraged anyone in carrying on a disorderly house or bawdy house upon her premises. This was objected to on the ground that the question was leading, and it called for a conclusion. Appellant testified practically in detail as to her connection with the house in question and the purposes for which it was kept. The testimony in the form sought to be adduced was largely in the nature of a conclusion, and if admitted, could have added nothing to the strength of appellant's denial that the house in question was a disorderly house.

3. While the witness Douglass was on the stand he was asked the question as to a house which had been run as a disorderly house for a number of years and which had acquired the reputation of being a disorderly house, and had ceased to be kept for such purpose, how long it would take it to get over that reputation. To this the State objected on the ground that this question was but an argument and called for a conclusion of the witness. The bill recites that if permitted the witness would have testified that it would take several months for such house to get over its reputation *if it had been run*

as a disorderly house for several years. This was not a matter of expert knowledge or a subject about which the witness should have been permitted to testify. If the house had been theretofore conducted as a disorderly house, on an issue that such conduct of the house had been thereafter abandoned and that it was not so kept at the date of the charge, this would have been a question of fact for the jury to have considered.

Finding no error in the record it is ordered that the judgment of conviction be and the same is hereby affirmed.

*Affirmed.*

ON REHEARING.

February 22, 1911.

PRENDERGAST, Judge.—By the motion for rehearing the appellant for the first time calls our attention to what she claims to be a fatal mistake, in that she claims that the affidavit on which the information was based was made on February 3, 1910, while the information was filed on February 2, 1910. There is filed with the record a properly certified copy of both the affidavit and information with the file marks thereon showing that both were made and filed . on February 3, 1910. So that there is nothing in appellant's contention on this point.

The only other ground appellant sets up in the motion for rehearing is that this court erred in the original opinion herein rendered in declining to consider her first bill of exceptions. This court did that in the following language: "As presented, the bill of exceptions, tested by its recitals, or read in the light of the entire record, is insufficient in that the time of the matter sought to be shown does not appear to be of such date as to render the testimony admissible."

The appellant now contends vigorously that the court was in error in so holding, and claims that the said bill of exceptions shows that the period of time which this evidence covers was from September 6, 1909, down to the very moment of the question.

In order to show the question more clearly we quote in full said bill of exceptions, as follows:

"Be it remembered, That upon the trial of the above entitled and numbered cause, the defendant's witness, W. C. Turner, being upon the stand, defendant proposed to prove by said witness the following facts, which, if permitted to do so, the witness would have testified to, to wit:

"Q. Now, Mr. Turner, since that time have you had occasion to go to defendant's house or about her house since about the 6th of September? A. Twice, I think; or maybe three times. Q. For what purpose did you go there? A. Well, the first time I went there was to see Mabel on some business matters. Mr. Parker, for the State: I object to what his purpose was. The Court: I sustain the objection. Mr. McLean: We offer to prove by this witness and other

witnesses that they have been there at defendant's house frequently during this time, and that they have watched the house and have seen no man come in and go out, and that they have been in said house a great many times and that they saw nothing improper about the place from the time this order was passed. And the State by her prosecuting attorney objected to said testimony, which objection was sustained by the court, and the defendant was not permitted to prove the facts by said witness. That said witness would have testified that he had been there, at defendant's house frequently during the time inquired about and that he watched the house as an officer, and that he had been in said house a great many times, and that he had seen no man come in or go out of said house, and no woman come in or go out of said house, nor men or women together go in or come out of said house, and that he had not seen anything that was improper from the time the order was passed.

"That said testimony was material to the proper defense of this defendant, to which action and ruling of the court, in excluding said evidence from jury, the defendant then and there, at the time, by counsel excepted, and she now tenders this her bill of exceptions and asks that the same be allowed, signed and filed as a part of the record in this case, which is accordingly done."

The affidavit and complaint both charge that the offense was committed on February 2, 1910. The evidence for the State fixes and limits the time of the commission of the offense to February 2, 1910; even the evidence of the general reputation of the house was limited strictly to the period of time from December 2, 1909, to February 3, 1910. Certainly, appellant can not claim with any show of reason that such proof as was offered by her would be admissible for any time between September 6, 1909, and December 3, 1909, nor from February 3, 1910, to the date of the trial at which the said question was asked and the testimony offered, February 26, 1910. In other words, no such testimony as offered was admissible unless it was confined within the period of time from December 2, 1909, to February 3, 1910. Perhaps it should have been confined to the very period of time the State fixed by its testimony, February 2, 1910. The testimony excluded could have been just as well for the period of time from September 6 to December 2, 1909, and from February 3 to February 26, 1910, as for said period of time between December 2, 1909, and February 3, 1910. The object of the bill is to show this court that the testimony fixed the period of time when the testimony was admissible. Clearly this bill does not do this, because, as stated above, it would just as clearly show that it was for the other times above stated as for the period of time claimed by the appellant. In addition to this, we take it that the claim of what the witness would testify is a mistake. The witness himself had just testified, as shown by the bill, that since September 6 (1909), up to the time of the trial, February 26, 1910, he had had

occasion to go to defendant's house or about her house, "Twice, I think; or maybe three times," and we take it that he would not have immediately changed his testimony, as claimed by this bill, to show that he had been at defendant's house "frequently" from September 6, 1909, to the time he was testifying, February 26, 1910, and that "he watched the house as an officer, and that he had been in said house a great many times, and that he had seen no man come in or go out of said house, and no women come in or go out of said house, nor men or women go in or come out of said house, and that he had not seen anything that was improper from the time the order was passed."

But even to concede that the witness would have so changed his testimony as to have testified what the bill claims he would have testified, still this bill clearly does not show but that this witness' testimony would have been for one or the other of the periods from September 6, 1909, to December 3, 1909, or from February 3, 1910, to February 26, 1910, appellant claiming, as shown by her own contention, that this testimony embraced the period from September 6, 1909, to February 26, 1910. Hence, we conclude, as this court did in the previous opinion, "as presented, the bill of exceptions, tested by its recitals, or read in the light of the entire record, is insufficient in that the time of the matter sought to be shown does not appear to be of such date as to render the testimony admissible."

The motion for rehearing will be overruled.

*Overruled.*